IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 27, 2010 Session

**TRAVIS R. MORRIS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rhea County**
**No. 16733    Thomas W. Graham, Judge**

———————————————

**No. E2009-00497-CCA-R3-PC - Filed October 29, 2010**

———————————————

The Petitioner, Travis R. Morris, appeals the Rhea County Circuit Court's denial of post-conviction relief from his conviction for sexual exploitation of a minor, a Class B felony, for which he received a ten-year sentence to be served as fifteen years of probation as a Range I offender. See T.C.A. § 39-17-1003 (2006). The Petitioner contends that the trial court erred in failing to make written findings of fact and conclusions of law, that he did not receive the effective assistance of counsel in connection with his guilty plea, and that his guilty plea was not knowingly and voluntarily entered because he was mentally impaired by the effects of a prescription drug. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J, delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, Travis R. Morris.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James Michael Taylor, District Attorney General; and James Pope, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's conviction relates to his possessing pornographic images of children on a computer. At the post-conviction hearing, the Petitioner testified that he had Tourette's Syndrome and was taking Klonopin on the day he pled guilty. He said he remembered only "bits and pieces" of what took place that day. He claimed that he did not remember the trial judge's inquiring at the plea hearing whether he had taken any drugs or medication and stated that he would have answered affirmatively had he not been in a "daze" from the medication.

He said he did not remember the prosecutor's reciting the proof the State intended to offer, nor did he remember acknowledging that those facts were true. He said he had no recollection of telling the trial court that he was satisfied with trial counsel's representation, nor did he recall stating to the trial court that trial counsel had answered all his questions to his satisfaction. He claimed he did not remember going over the written plea agreement with trial counsel.

The Petitioner testified that trial counsel told him his two options were to go to jail or to plead guilty and receive probation. He stated that he told counsel that he took Klonopin and that he provided counsel with copies of medical records documenting his medication. He said his only meeting with trial counsel was on the day of the plea hearing. He said that he went to trial counsel's office several times but that counsel was never available. He remembered giving counsel a list of possible defense witnesses. He admitted that he pled guilty to other offenses after pleading guilty in the present case and that he retained trial counsel to represent him in those cases.

The Petitioner testified that he did not remember turning down a plea offer of ten years of community corrections. He said he also did not remember preferring a longer probationary sentence to a ten-year community corrections sentence.

The Petitioner testified that counsel never advised him that he would be listed on the sexual offender registry as a result of his conviction. He also claimed that he was not advised of his probation conditions, including the restriction on internet access.

The Petitioner testified that he was not guilty of the offense. He said he did not know why pornographic photographs of children were on a computer to which he had access. He said that other people also had access to the computer.

Lori Morris, the Petitioner's mother, testified that the Petitioner had memory problems when he took Klonopin. She said that when the Petitioner took the medication, he sometimes appeared to understand what someone was saying but then did not recall the conversation later. She said she was in court on the day of the guilty plea. She admitted she did not inform trial counsel that the Petitioner took Klonopin. She said that on the day of the plea, the Petitioner said he did not know what to do and that he just wanted the case to be over. She said that she thought the Petitioner was under the influence of Klonopin that day. She acknowledged that trial counsel probably would not have been able to tell that the Petitioner was under the influence of Klonopin.

Trial counsel testified that the Petitioner had been to counsel's office numerous times. He said that he saw the Petitioner's medical records but that the Petitioner never appeared

2

to be under the influence of medication. He said that every time he saw the Petitioner, including times after the guilty plea in this case, the Petitioner never acted differently than he was acting at the post-conviction hearing. Trial counsel denied that the Petitioner gave him a witness list. He said the Petitioner never told him that the pornographic images on the computer were not his and that the Petitioner acknowledged that the pictures were his at the plea hearing.

Trial counsel testified that the Petitioner rejected a ten-year community corrections plea offer. He said the Petitioner did not want community corrections because he would have to be on house arrest. He said the Petitioner told him he did not care how many years he had "on paper" but that he did not want to serve jail time. He said he told the Petitioner repeatedly that the Petitioner did not have to plead guilty. He said that he reviewed the written plea agreement with the Petitioner. He said the Petitioner appeared to understand everything. He said he advised the Petitioner against the plea agreement, calling for a fifteen-year probation sentence. He said he told the Petitioner that they would go to trial if the Petitioner said the photographs were not his but that the Petitioner insisted on accepting the plea agreement. He said he advised the Petitioner that the Petitioner would be listed on the sex offender registry. He said he could not advise the Petitioner of every rule of probation because some of the rules were not known at the time of a guilty plea.

The transcript of the Petitioner's guilty plea hearing was made an exhibit at the post-conviction hearing. It reflects that the Petitioner denied that he had taken any medication or that he was under the influence of alcohol. The Petitioner acknowledged his understanding of his rights, including his right to a trial. The Petitioner denied that he had been forced or intimidated into entering a guilty plea. The Petitioner acknowledged that the State's recitation of facts was true, that he understood the conviction and sentence, and that he wished to plead guilty.

**I**

We first consider the State's preliminary contention that the Petitioner's appeal should be dismissed because he failed to file a timely notice of appeal. The Petitioner has not responded to the State's argument. The trial court filed its order denying post-conviction relief on November 20, 2008. The Petitioner filed a pro se notice of appeal on February 20, 2009.

An appeal as of right is initiated by filing a notice of appeal within thirty days of the entry of the judgment being appealed. T.R.A.P. 3(e), 4(a). However, Rule 4(a) provides that the notice of appeal "is not jurisdictional and the filing of such document may be waived in the interest of justice." T.R.A.P. 4(a). "In determining whether waiver is appropriate, this

3

Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, Davidson County, slip op. at 2 (Tenn. Crim. App. Dec. 27, 2005).

In the present case, the Petitioner represented himself in the trial court. He did not have counsel appointed until after he filed his notice of appeal. It appears that the Petitioner's pro se status affected the timely filing of a notice of appeal. In the interest of justice, we waive the requirement of a timely filed notice of appeal and address the Petitioner's appeal on the merits.

## II

Next, we consider the Petitioner's preliminary contention that the trial court erred by failing to make written findings of fact and conclusions of law for his post-conviction claims. The State counters that this was harmless error because the court made extensive oral findings of fact and conclusions of law at the hearing. We agree with the State.

The Post-Conviction Procedures Act requires that the trial court "enter a final order . . . [setting] forth in the order or a written memorandum of the case all grounds presented, and . . . [stating] the findings of fact and conclusions of law with regard to each ground." T.C.A. § 40-30-111(b) (2006). The trial court's order of dismissal in the present case does not comply with the statute. However, the court made extensive oral findings, which are preserved in the transcript of the post-conviction hearing. We conclude that the trial court's failure to make written findings was harmless error. See T.R.A.P. 36(b).

## III

The Petitioner contends that he did not receive the effective assistance of counsel in the conviction proceedings. The State contends that the trial court did not err in finding that the Petitioner failed to prove his claim. We agree with the State.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

4

Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2006).

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the Petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance fell below a reasonable standard is not enough because the Petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability means a "probability sufficient to undermine confidence in the outcome." Id. When a petitioner pleads guilty, he must show a reasonable probability that, but for the errors of his counsel, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were "within the range of competence demanded of attorneys in criminal cases." Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Baxter, 523 S.W.2d at 936. Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is made to trial strategy or tactical choices if they

are informed ones based upon adequate preparation. See DeCoster, 487 F.2d at 1201; Hellard, 629 S.W.2d at 9.

The Petitioner argues that trial counsel failed to recognize the Petitioner's level of impairment from Klonopin. He asserts that had trial counsel reviewed the Petitioner's medical records, he would have been aware that the Petitioner was not able to have a full understanding of the guilty plea and its consequences.

The trial court found that the Petitioner failed to prove that his mental capacities were impaired by his prescription medication at the time he entered his guilty plea. It accredited the testimony of trial counsel that the Petitioner did not act differently on the day of the plea, when he was taking Klonopin, than he did at the post-conviction hearing, when he was not taking Klonopin. The trial court also noted that the plea hearing transcript reflected that the Petitioner acknowledged understanding the guilty plea. The court concluded that the Petitioner failed to prove by clear and convincing evidence that he did not receive the effective assistance of counsel. On review, the record does not preponderate against these findings, and the Petitioner is not entitled to relief.

**IV**

The Petitioner contends that his guilty pleas were not knowingly, voluntarily, and intelligiently entered because he was impaired by his prescription medication. The State counters that the trial court correctly found that the Petitioner failed to prove this claim. We agree with the State.

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. See State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). The circumstances include

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including

6

> a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)). A plea resulting from ignorance, misunderstanding, coercion, inducement, or threats is not "voluntary." Blankenship, 858 S.W.2d at 904.

As noted above, the trial court found that the Petitioner did not prove by clear and convincing evidence that he was impaired by his prescription medication. The court noted that the Petitioner testified that he did not remember the plea proceedings but that he did not present any proof that he did not understand the process. The court accredited the proof that the Petitioner was advised on more than one occasion about the plea agreement. The trial court found that the Petitioner failed to prove his claim. The record does not preponderate against the trial court's determination, and the Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

7